## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Fasteners For Retail, Inc.,** | ) | |
| | ) | |
| *Plaintiff*, | ) | **(Pending in the Northern** |
| | ) | **District of Illinois, Eastern** |
| v. | ) | **Division, Civil Action** |
| | ) | **No. 1:18-cv-00861)** |
| **Trion Industries, Inc.,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## PLAINTIFF FASTENERS FOR RETAIL, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL TRION INDUSTRIES, INC. TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO <u>FASTENERS FOR RETAIL, INC.'S SUBPOENA</u>

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ........................................................................................ 1

II.    BACKGROUND ......................................................................................... 7

III.   LEGAL STANDARDS ............................................................................. 12

IV.    ARGUMENT ............................................................................................ 13

     A.    The Subpoenaed Information Trion Refuses To Produce Is
        Relevant And Non-Cumulative Of Any Other Information FFR
        Can Obtain ......................................................................................... 13

     B.    The Court Should Also Order Trion To Reasonably Cooperate
        In Authenticating Its Production ...................................................... 20

V.     CONCLUSION ......................................................................................... 21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bax v. Clark*,
No. 1:20-CV-222, 2021 WL 2588790 (M.D. Pa. June 24, 2021) .....................13

*Belden Techs. Inc. v. Superior Essex Commun. LP*,
802 F. Supp. 2d 555 (D. Del. 2011) ..............................................................3, 16

*Covidien Sales LLC v. Ethicon Endo-Surgery, Inc.*,
No. 1:11-CV-871, 2020 WL 7040643 (S.D. Ohio Dec. 1, 2020) .....................18

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006) ........................................................................................3, 15

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999).............................................................................19

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017)..............................................................................3

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
875 F.3d 1369 (Fed. Cir. 2017)............................................................................19

*Procter & Gamble Co. v. Be Well Mktg., Inc.*,
No. 12-MC-392, 2013 WL 152801 (M.D. Pa. Jan. 15, 2013) .....................5, 17

*RTC Industries, Inc. v. Fasteners For Retail, Inc.*,
No. 18-cv-00861 (N.D. Ill.)...........................................................................*passim*

**Rules**

FED. R. CIV. P. Rule 26(b)(1)...................................................................................13

FED. R. CIV. P. 45(d)(3)(A) .....................................................................................20

FED. R. CIV. P. 45(d)(2)(B)(i)...................................................................................13

FED. R. CIV. P. Rule 45(d)(3)(B)(i)..........................................................................16

FED. R. CIV. P. 45(d)(3)(C)(i)...................................................................................17

## I.      INTRODUCTION

Fasteners For Retail, Inc. ("FFR") served a subpoena on Trion Industries, Inc. ("Trion") in connection with a patent infringement lawsuit between FFR and RTC Industries, Inc. ("RTC") captioned *RTC Industries, Inc. v. Fasteners For Retail, Inc.*, No. 18-cv-00861 (N.D. Ill.) (the "Litigation"). In the Litigation, RTC accuses versions of FFR's Sure-Set Self-Facing System ("Sure-Set") of infringing two RTC patents and seeks alleged lost profits damages.  Sure-Set is a merchandise display system that helps to keep product organized in stores and, when used on a shelf, pushes product to the front of the shelf for easy access (*i.e.*, "facing" the product). FFR's Sure-Set system includes the clear divider, pusher, and front fence components shown below:



Trion also manufacturers self-facing systems that are sold in the United States. Among Trion's self-facing system product offerings are the Clear Modular System, the Extruded Modular System, and the Zip Track System (the "Trion Products At Issue"):







Ex. 1 (Clear Modular System, available at https://catalog.triononline.com/category/clear-modular-system-2, last visited 11/16/21); Ex. 2 (Extruded Modular System, available at http://catalog.triononline.com/Asset/Product-Overview222-223.pdf, last visited 11/16/21); Ex. 3 (Zip Track Modular System, available at https://www.triononline.com/product/zip-track-merchandising/, last visited 11/16/21).

To rebut RTC's lost profits claim, FFR identified a number of acceptable, available non-infringing alternatives ("NIA") in the marketplace during the period

in which RTC seeks damages, including the Trion Products At Issue. *See* Ex. 4 (FFR's responses to RTC's ROG No. 6) at 23-24, 31-34. These systems are relevant to the Litigation and undermine RTC's damages claims. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017) (noting that "[u]nder the *Panduit* test, a patentee is entitled to lost profit damages if it can establish," *inter alia*, the "absence of acceptable non-infringing alternatives").

RTC has also indicated in the Litigation that it intends to seek a permanent injunction against FFR. Ex. 5 (RTC's Complaint) at 11. To support its claim, RTC will be required to prove it would be irreparably harmed if FFR were to continue selling its accused products. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (party seeking permanent injunction "must demonstrate," *inter alia*, "that it has suffered an irreparable injury"). To defeat an injunction—which would severely harm FFR's business—FFR intends to show there are multiple other competitors in the market place, as evidenced by all three of Trion's Products At Issue. *See Belden Techs. Inc. v. Superior Essex Commun. LP*, 802 F. Supp. 2d 555, 576 (D. Del. 2011) (denying permanent injunction because there were many other competitors in the market negating argument that a sale made by the accused infringer was a sale lost by the patentee).

To defend against RTC's damages and injunction claims, FFR served a subpoena for documents and testimony on Trion. *See* Ex. 6 (9/3/2021 Doc.

3

Subpoena); Ex. 7 (9/3/2021 Dep. Subpoena). FFR's document subpoena asks Trion to produce documents and things relating to "Trion Products" defined as the three Trion Products At Issue "and/or any Trion Self-Facing System that was on sale in the United States at any point from 2005 to present." Ex. 6 (9/3/2021 Doc. Subpoena) at 2. Trion responded alleging that, as drafted, the subpoena would require Trion to produce "thousands" of custom products. *See* Ex. 8 (9/13/21 Dokhanchy Ltr. to Chariton) at 1. While FFR disagreed, FFR took substantial efforts to minimize any burden on Trion, and agreed that Trion need only produce the requested documents and things relating to the three Trion Products At Issue. Ex. 9 (9/24/21 Dokhanchy Ltr. to Chariton) at 1.

Trion then expressed confidentiality concerns, as FFR and RTC are Trion's competitors. Ex. 10 (9/10/21 Chariton Ltr. to Dokhanchy) at 2 (noting Trion's concerns of "confidentiality of Trion trade secrets"). However, as in most patent infringement lawsuits, the Court overseeing the Litigation entered a Protective Order governing confidential information, including confidential information produced by Third Parties. Ex. 11 (Case 18-cv-861, Dkt. 106, Protective Order), ¶¶ 2(c), 3, 4. Counsel for FFR sent Trion the Protective Order and informed Trion that it could designate its production "Highly Confidential," which would prevent employees of RTC or FFR from seeing Trion's production materials. Ex. 8 (9/13/21 Dokhanchy Ltr. to Chariton) at 2; *see also* Ex. 12 (10/14/2021 Dokhanchy Email to Chariton)

4

(addressing Trion's confidentiality concerns again referencing protective order); Ex. 13 (10/27/21 Dokhanchy Ltr. to Zimowski) at 2 (again addressing Trion's confidentiality concerns, explaining Trion is protected under the Litigation protective order). Despite FFR's assurances, Trion argued that it remained concerned about confidentiality, and resisted making a production. But there is no legal basis to refuse to comply with a subpoena over concerns about confidentiality where the Court has already addressed those concerns with a Protective Order. *See Procter & Gamble Co. v. Be Well Mktg., Inc.*, No. 12-MC-392, 2013 WL 152801, at \*2-\*3 (M.D. Pa. Jan. 15, 2013) (denying-in-part motion to quash and granting-in-part motion to compel third-party production of trade secret information pursuant to a Rule 45 subpoena because "[t]he protective order would negate any potential for harm resulting from disclosure" since the "protective order already applie[d] to third parties" and the trade secret information would only be disclosed to outside counsel).

Trion then shifted gears.  After Trion's original counsel delayed for over 7 weeks, during which time Trion made no productions, and after having ignored several deadlines to produce, including multiple courtesy extensions from FFR, Trion changed counsel. Trion's new counsel agreed to produce information regarding one of the Trion products At Issue—the Clear Modular System—and between October 28-29, 2021 provided physical samples and a document production including financial information to establish that the system was sold in the United

States.  Trion did not contend that doing so was burdensome (much less unduly burdensome). But Trion has refused to produce samples or documents relating to the Extruded Modular and Zip Track Systems. Trion asserts that one product is sufficient for FFR to prove its case, that Trion is entitled to select which product FFR can rely on in the Litigation, and that any other product is superfluous. *See* Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy) at 1-2 (noting "Trion will not be producing information relating to its zip track system," or the Extruded Modular System); Ex. 15 (11/5/21 Zimowski Ltr. to Dokhanchy) at 1-2 (same).  FFR disagrees and in any event, Trion's subjective belief as to what it contends is sufficient for FFR's case is not a basis to withhold relevant information that is not burdensome to provide. That is especially so here, where RTC disputes Trion's contention that the system Trion did produce (the Clear Modular System) is an acceptable NIA.  *See* Ex. 16 (RTC's responses to FFR's ROG No. 15) at 73-75. And, as Trion well knows, the Extruded Modular and Zip Track Systems are not duplicative or cumulative of the Clear Modular System, such that those two systems provide FFR with additional bases to defend itself against RTC's substantial damages claims ████████████████████████████████████████████ ██████ and request for a permanent injunction.

FFR requests the court issue an order (1) requiring Trion to produce six physical samples comprising the components of each of the Extruded Modular

System and Zip Track System; (2) requiring Trion to produce documents, including assembly instructions, sufficient to demonstrate the features of each of the Extruded Modular System and Zip Track System and their assembly; (3) requiring Trion to produce U.S. sales information of each of the Extruded Modular System and Zip Track System from 2011 to the present, broken down on a monthly, per-unit basis, including documents sufficient to demonstrate the price of each unit sold or offered for sale, (4) requiring Trion to reasonably cooperate with FFR to validate all documents and things produced, and (5) granting any other relief the Court deems just. FFR requests that the Court order Trion to produce its materials by November 23, 2021, and provide a representative for a deposition on November 29 or November 30, 2021.[1]

## II.    BACKGROUND

On August 30, 2021, FFR served two subpoenas on Trion, one regarding production of documents and things and one for a deposition. Exs. 17-18 (8/30/21 Subpoenas). The dates of compliance were September 13 and 14, 2021, respectively. *Id*.  On September 7, 2021, FFR served amended subpoenas on Trion amending the

---

[1] While it is possible FFR may be able to accept a declaration from Trion establishing the necessary authenticity and business-record nature of Trion's documents in lieu of a deposition pursuant to FFR's subpoena to testify, FFR will not be able to make that determination until it has reviewed all of the requested documents and things. While this issue is not yet ripe for a motion to compel, FFR reserves the right to enforce its testimony subpoena, if needed.

definition of "Trion Products" to include "any Trion Self-Facing System that was on sale in the United States at any point from 2005 to present," (the original subpoena included this in the specific requests), as well as slightly amending the language of the specific requests for clarity purposes. Exs. 6-7 (9/3/21 Subpoenas). FFR requested the same dates of compliance in the amended subpoenas since the substance of the requests were not materially amended. FFR's subpoenas sought documents and things relating to "any Trion Self-Facing System that was on sale in the United States at any point from 2005 to present" where "Self-Facing System" was defined as "any system that automatically faces product," including explicitly the three Trion Products At Issue. Ex. 6 (9/3/2021 Doc. Subpoena) at 2.

On September 9, 2021, FFR's counsel spoke by phone with Jerry Chariton, Trion's counsel. FFR's counsel explained the relevant background to Mr. Chariton, and agreed to give Trion an extension to produce relevant documents and things until October 13, 2021. During that first call, FFR's counsel explained that a protective order prevents disclosure of Trion's confidential information to in-house personnel, which resolved any concern regarding competitors accessing Trion confidential information.  FFR's counsel sent Mr. Chariton a letter on September 13, 2021 memorializing their September 9th conversation. Ex. 8 (9/13/21 Dokhanchy Ltr. to Chariton). As noted in the letter, in response to Trion's protestations that it produces "thousands" of custom-designed products, FFR agreed to narrow the scope of the

8

subpoena to Trion's self-facing systems sold from 2011 to present, only for self-facing systems that include "a pusher and a divider," and only "to products generally available to order," excluding "custom-ordered or one-off products" sold to Trion customers. *Id.* at 1.  The Extruded Modular and Zip Track Systems are "generally available to order," as they are advertised in Trion's brochures and on its website. *See* Ex. 2 (Extruded Modular System, available at http://catalog.triononline.com/Asset/Product-Overview222-223.pdf, last visited 11/16/21); Ex. 3 (Zip Track Modular System, available at https://www.triononline.com/product/zip-track-merchandising/, last visited 11/16/21).

Between FFR's September 13th letter and the agreed-upon October 13th production deadline, FFR's and Trion's counsel exchanged multiple letters relating to the subpoenaed information. *See* Exs. 19-21 (Letter correspondence between Sept. 23 - Oct. 7, 2021). However, Trion failed to produce any documents or things by the agreed-upon October 13th deadline, nor did Trion serve any objections to the subpoena requests or move to quash them. FFR's counsel reached out to Trion and agreed to give an extension until October 22, 2021 to produce responsive documents and things. Once again, the deadline passed with no production and no objections served by Trion. Instead, on October 22, 2021, over a month after the original deadline to produce, FFR received a letter from a different attorney, Steve

Zimowski, stating his firm had been retained by Trion regarding FFR's subpoenas, that it was the new counsel for Trion, and asked for a phone call to discuss the outstanding information FFR was requesting. Ex. 22 (10/22/21 Zimowski Ltr. to Dokhanchy). The parties had a phone call on October 25, 2021, on which Trion's counsel confirmed only that Trion would produce responsive documents and things relating to the Clear Modular System. The next day on October 26, 2021, FFR's counsel emailed Trion to confirm that FFR required Trion to produce all of the requested information relating to all three Trion Products At Issue. Ex. 23 (10/26/21 Dokhanchy Email to Zimowski).

On October 27, 2021 Mr. Zimowski sent a letter to FFR's counsel agreeing to produce requested documents and things relating to its Clear Modular System, but refusing to produce any requested documents or things relating to the Extruded Modular or Zip Track Merchandising Systems. Trion claimed information relating to these products was somehow cumulative of (1) different products produced by other companies FFR subpoenaed (of which Trion and its counsel have no information besides the fact that one other company produced something), and (2) the Clear Modular System, which is not the same as either of the two systems Trion withheld. Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy). Trion also argued the information was confidential. *Id.* FFR responded explaining why the requested information relating to the Extruded Modular System and Zip Track Merchandising

10

System were relevant and not cumulative, and emphasizing that Trion's continued delay and refusal to produce relevant, requested information under the subpoena was prejudicing FFR, and why the protective order in the Litigation solves the alleged confidentiality issue. Ex. 13 (10/27/21 Dokhanchy Ltr. to Zimowski).

On October 29, 2021 FFR received a document production from Trion regarding the Clear Modular System. FFR sent Trion a letter on November 2, 2021 demanding Trion confirm by November 4, 2021 that Trion will produce the requested documents and things relating to the Extruded Modular System and Zip Track Merchandising System. Ex. 24 (11/2/21 Dokhanchy Ltr. to Zimowski). On November 5, 2021, Trion's counsel sent a response letter reiterating Trion's refusal to produce any documents or things relating to the Extruded Modular System and Zip Track Merchandising System and once again basing it on an incorrect interpretation of the law and confidentiality concerns. Ex. 15 (11/5/21 Zimowski Ltr. to Dokhanchy). On November 8, 2021, FFR's counsel again explained why the requested information is relevant and that Trion cannot unilaterally decide for FFR how many and which NIA products can be presented in the litigation with RTC. Ex. 25 (11/8/21 Dokhanchy Ltr. to Zimowski). Nonetheless, FFR proposed a compromise whereby Trion would only need to produce requested information relating to the Zip Track System and not the Extruded Modular System, and explained that this compromise offer was solely an effort to avoid motion practice

11

and that if FFR was required to file a motion, it would seek both systems which it is entitled to under the subpoena. *Id.* at 2. FFR requested Trion answer FFR by November 10, 2021. *Id.* Trion responded on November 10 that it could not answer yet. Ex. 26 (11/10/21 Zimowski Email to Verbus). FFR responded that same day that it needed Trion's answer by the next day, Thursday, November 11, and explained that FFR was happy to schedule a call if it would be helpful. Ex. 26 (11/10/21 Verbus Email to Zimowski). Trion ignored the email and did not respond. Two days later, FFR followed up, on Friday, November 12, stating that it needed Trion's answer that day and again offered to discuss via telephone. Ex. 26 (11/12/21 Verbus Email to Zimowski). Trion responded the next day on November 13, 2021 noting, again, that it could not respond yet, but that it will "be in touch early next week." Ex. 26 (11/13/21 Zimowski Email to Verbus). Trion finally responded on November 15, 2021, again noting its refusal to produce information relating to the Extruded Modular or Zip Track Systems, and repeating the same arguments FFR already addressed, confirming the parties are at an impasse. Ex. 27 (11/15/21 Zimowski Ltr to Dokhanchy).

## III.   LEGAL STANDARDS

"Rule 45 of the Federal Rules of Civil Procedure sets forth the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit." *Bax v. Clark*, No. 1:20-CV-222, 2021 WL 2588790, at *3 (M.D. Pa. June

24, 2021). Under Rule 45, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). A Rule 45 subpoena "must fall within the scope of proper discovery under" Rule 26(b)(1). *Bax*, 2021 WL 2588790 at *3 (internal citation omitted). Under Rule 26:

> [P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). "Consequently, courts often—and appropriately—liberally apply discovery rules." *Bax*, 2021 WL 2588790 at *3. "The party [objecting to] the subpoena bears the heavy burden of demonstrating that the requirements [to quash a subpoena under] Rule 45 are satisfied." *Bax*, 2021 WL 2588790 at *3.

## IV.   ARGUMENT

### A.   The Subpoenaed Information Trion Refuses To Produce Is Relevant And Non-Cumulative Of Any Other Information FFR Can Obtain

Trion's Clear Modular, Extruded Modular, and Zip Track Systems are three distinct self-facing merchandising systems that FFR claims were and are available, acceptable non-infringing alternatives ("NIAs") during the relevant accounting period in defense of RTC's lost profits claim and claim for permanent injunction.

13

Information relating to all three systems—including the Extruded Modular System and Zip Track System which Trion has refused to produce any information—is relevant to the claims and defenses in the Litigation, and there is no legal or justifiable reason for Trion to refuse to produce it. While Trion has produced information relating to the Clear Modular System, it belatedly refused to produce information relating to the Extruded Modular and Zip Track Systems, doing so only after missing multiple production deadlines and failing to ever serve formal written objections or responses to FFR's subpoenas. Trion has set forth multiple reasons for its refusal to produce the requested information relating to the Extruded Modular and Zip Track Systems, none of which warrant refusal to adhere to the subpoena request, and to the extent these are considered informal objections, they should be overruled.

*First*, Trion argues that both the Extruded Modular and Zip Track Systems are irrelevant because they are "cumulative and duplicative given FFR's assessment that Trion's clear modular system provides a non-infringing alternative, as well as in view of FFR's statement that it has already obtained documentation relating to other non-parties' non-infringing alternative products." Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy) at 1; *id.* at 2 (similar argument regarding the Zip Track System). Trion bases this assertion on its incorrect argument that "FFR's burden in defending a claim for lost-profits-based damages is limited to presenting a [*i.e.*, one and only

one] non-infringing alternative." Ex. 15 (11/5/21 Zimowski Ltr. to Dokhanchy) at 1.

This is wrong as a matter of law. Both the Extruded Modular and Zip Track Systems are relevant to the Litigation and are not cumulative of any other information Trion, or anyone else, has produced in this case. While it is true that a *finding* that the Clear Modular System was and is an NIA could potentially be sufficient to defend against RTC's lost profits claim, there is no guarantee to FFR that this will happen, and so the scope of discovery is not so limited. If the Clear Modular System were found to not be an acceptable NIA, FFR would rely on other products, including the Extruded Modular and Zip Track Systems, to rebut RTC's claim that there were no NIAs.

Even if the Clear Modular System is found to be an NIA, that in itself does not moot the relevance of *other* NIAs that were offered for sale on the market during any portion of the accounting period. RTC also seeks a permanent injunction against FFR's sale of the Sure-Set system. But to obtain an injunction, RTC must, among other things, prove that FFR's sale of Sure-Set will irreparably harm RTC. *See eBay*, 547 U.S. at 391. The more competitive products that are shown to be available on the market, the less likely it is that RTC will be able to satisfy its burden in showing it will be irreparably harmed if FFR is not permanently enjoined. *See Belden Techs. Inc.*, 2011 WL 3555890 at *14–*20 (denying permanent injunction and finding no

15

irreparable harm because there were "*many* competitors in the market") (emphasis added). Thus, the availability and non-infringing nature of the Extruded Modular System and the Zip Track System are relevant independently of the Clear Modular System, as they may further undermine RTC's argument that an injunction should issue in the event RTC prevails on its claims against FFR.

**Second**, Trion argues it will not produce any information relating to the Zip Track System pursuant to Rule 45(d)(3)(B)(i) because it "is proprietary and highly confidential." Ex. 15 (11/5/21 Zimowski Ltr. to Dokhanchy) at 2. This is not a sufficient reason to refuse to produce clearly relevant information subject to FFR's subpoenas. As FFR has repeatedly explained to Trion, the court in the Litigation has issued a Protective Order protecting third-party confidential information. *See* Ex. 11 (Protective Order), ¶ 2.b ("Confidential" information includes "confidentiality to a third person"); *id.*, ¶ 2.c (similar for "Highly Confidential" definition); *id.*, ¶ 4.d (prohibiting disclosure of Highly Confidential information to FFR or RTC employees); *see also* Ex. 8 (9/13/21 Dokhanchy Ltr. to Chariton) at 2 (sending copy of Protective Order and explaining protection of Trion confidential information); Ex. 9 (9/24/21 Dokhanchy Ltr. to Chariton) at 2 (sending copies of Protective Orders in two other FFR-RTC pending litigations, Case Nos. 1:17-cv-3595 and 1:18-cv-02782, and explaining they also protect Trion's confidential information); Ex. 13 (10/27/21 Dokhanchy Ltr. to Zimowski) at 2 (reiterating Trion is protected under the

Protective Order) Ex. 25 (11/8/21 Dokhanchy Ltr. to Zimowski) at 2 (same).

As explained above, FFR has a "substantial need" for the requested information relating to the Extruded Modular and Zip Track Systems because they are highly relevant to the Litigation, are not cumulative or duplicative of any other information, and FFR has no ability to obtain the information from any other source. *See* FED. R. CIV. P. 45(d)(3)(C)(i). Trion's concerns relating to any potential confidential information is insufficient to warrant its refusal to produce responsive information relating to the Zip Track System. *See Procter & Gamble*, 2013 WL 152801 at *2-*3 (ordering production of trade secret information because "[t]he protective order would negate any potential for harm resulting from disclosure" since the "protective order already applie[d] to third parties" and the trade secret information would only be disclosed to outside counsel).

**Third**, Trion argues the Zip Track System is irrelevant because it was not sold until 2018, "after the time-period when FFR would have been negotiating a hypothetical license with RTC," which—according to Trion—means "the requested information [is] plainly irrelevant to rebutting either reasonable royalty- or lost profits-based damages," Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy) at 1-2, because it was "not a part of the market for the vast majority of the relevant time period," Ex. 15 (11/5/21 Zimowski Ltr. to Dokhanchy) at 2. That argument, too, is legally wrong. The damages period continues to this day. As of the date of this

motion, at least 3 years of sales of the Zip Track System are relevant to rebutting RTC's lost profit claim during that period, and it will continue to be relevant for future lost profit claims that RTC alleges it will suffer, not to mention its impact on any injunction RTC may seek. *See Covidien Sales LLC v. Ethicon Endo-Surgery, Inc.*, No. 1:11-CV-871, 2020 WL 7040643, at *4 (S.D. Ohio Dec. 1, 2020) ("[T]he Court's prior determination that the products were not available non-infringing alternatives at the time should not prevent [accused infringer] from arguing that *after the products were released to the market* they became available non-infringing alternatives, and thus presumably could terminate the time period during which lost-profit damages are available.") (emphasis original).

**Fourth**, Trion attempts to cast the Extruded Modular System and the Zip Track System as "custom" products to try to avoid production based on FFR's agreement to exclude custom products, contending that Trion manufactures them *after* it receives an order. Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy) at 2. But FFR repeatedly explained to Trion that this does not constitute "custom" under FFR's agreement. *See* Ex. 24 (11/2/21 Dokhanchy Ltr. to Zimowski) at 2; Ex. 25 (11/8/21 Dokhanchy Ltr. to Zimowski) at 2.  FFR did not agree to exclude two of the three exemplary products it expressly listed and discussed with Trion for months thereafter, and Trion cannot genuinely contend that FFR did so. Indeed, these products are available on Trion's website. *See* Ex. 1 (Clear Modular System); Ex. 2

(Extruded Modular System); Ex. 3 (Zip Track Modular System).

   ***Finally***, Trion argues the Extruded Modular System is also irrelevant because it allegedly ██████████████████████████ *See* Ex. 14 (10/27/21 Zimowski Ltr. to Dokhanchy) at 2. But as FFR explained to Trion, a product that is merely available for purchase is "available" under the relevant case law; "availability" does not require actual sale. "[T]o be an acceptable non-infringing substitute, the product or process must have been available *or* on the market at the time of infringement." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (emphasis original) (noting "[t]his statement is an apt summary of this court's precedent, which permits available alternatives – including but not limited to products on the market – to preclude lost profits damages"). The Extruded Modular System was advertised for sale in Trion's brochures at least as late as 2011—and likely beyond—which does overlap with the relevant accounting period. *See* Ex. 13 (10/27/21 Dokhanchy Ltr. to Zimowski) at 2. Such evidence demonstrates that the product was "available" for purchase, ███████████████████████ *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1381 (Fed. Cir. 2017) ("An alternative does not need to be on the market to be available."); *see also* Ex. 25 (11/8/21 Dokhanchy Ltr. to Zimowski) at 1-2 (explaining why Trion's position was wrong).

   Notably, Trion never filed a motion to quash, and has no basis to do so. Under

Rule 45, a subpoena must only be quashed if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). None of these exceptions apply here. FFR has given Trion months to comply, including several courtesy extensions. Indeed, negotiations between the parties have extended for nearly two months as of the filing of this motion. FFR provided a reasonable place for compliance in the subpoena, and Trion does not contend otherwise. FFR is not seeking attorney-client privileged or other protected information, and to the extent confidential information is produced, the protective order in the underlying Litigation protects Trion's interests. And there is no undue burden—indeed, Trion already produced one system to FFR, and FFR told Trion before shipment that FFR will pay for shipping expenses, and is awaiting Trion's invoice. FFR remains willing to do so for the other two requested products.

### B. The Court Should Also Order Trion To Reasonably Cooperate In Authenticating Its Production

Trion stated in its last correspondence that if FFR pursues motion practice, "FFR may well forego the use of any of Trion's information," Ex. 27 (11/15/201 Zimowski Ltr. to Dokhanchy) at 2, indicating that Trion may refuse to comply with FFR's subpoena to produce a witness to testify on the authenticity and business record-nature of Trion's documents even for the Clear Modular System. But Trion

has already produced the requested information relating to the Clear Modular System, which negates any objections it could have in working with FFR pursuant to the subpoenas to authenticate these documents and things. The Court should order Trion to reasonably cooperate with FFR in authenticating information Trion produces, including information it already produced.

## V.    CONCLUSION

FFR respectfully requests that the Court grant its motion to compel.

21

Dated: November 16, 2021        Respectfully submitted,

*/s/ Daniel T. Brier*
Daniel T. Brier (PA ID 53248)
dbrier@mbklaw.com
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100
Facsimile: (570) 342-6147

Gianni L. Cutri (IL Bar No. 6272109)
gianni.cutri@kirkland.com
Brian A. Verbus (IL Bar No. 6314193)
brian.verbus@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Plaintiff Fasteners For
Retail, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(2)

Counsel for Movant hereby certifies that the foregoing Brief in Support of

Plaintiff's Motion to Compel is in compliance with Local Rule 7.8(b)(2).  The brief

contains 4,811 words, including footnotes, as computed by Microsoft Office Word.


/s/ *Daniel T. Brier*
Counsel for Fasteners For Retail, Inc.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on the 16th day of November, 2021, I electronically submitted the foregoing document with the Clerk of the U.S. District Court, Middle District of Pennsylvania, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3), including Stephen S. Zimowksi (szimowski@ssjr.com).

*/s/ Daniel T. Brier*
Counsel for Fasteners For Retail, Inc.