# EXHIBIT 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RTC INDUSTRIES, INC., | |
| Plaintiff / Counterclaim-Defendant, | Civil Action No. 1:18-cv-861 |
| v. | Judge Robert M. Dow Jr. |
| FASTENERS FOR RETAIL, INC., | Magistrate Judge Maria Valdez |
| Defendant / Counterclaim-Plaintiff. | |

## MODIFIED PROTECTIVE ORDER

WHEREAS the parties believe that good cause exists to modify the Default Protective Order (Local Patent Rules at Appendix B) currently in place (Local Patent Rules at Preamble) to provide necessary protections for the parties' sensitive information while still allowing the parties to disclose that sensitive information to each other in the course of discovery;

THEREFORE, it is hereby stipulated among the parties and ORDERED that:

1.  <u>Findings</u>:  The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  <u>Definitions</u>:

a.  "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b.  "Confidential" information is information concerning a person's business

1

operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d. "Highly Confidential – Prosecution Bar" information is a subset of Highly Confidential information concerning designs, prototypes, plans, technical trade secrets, and other sensitive information concerning products that are not yet available for sale in the marketplace and that have not yet been disclosed to the public.

e. Information is not Confidential or Highly Confidential or Highly Confidential – Prosecution Bar if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar if a person lawfully obtained it independently of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential or Highly Confidential – Prosecution Bar</u>:

a. A person's designation of information as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar means that the person believes in good faith, upon

2

reasonable inquiry, that the information qualifies as such.

  b. A person designates information in a document or thing as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar by affixing an appropriate legend, such as by clearly and prominently marking it on its face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR," including the Confidentiality designation in the filename, or by indicating the Confidentiality designation in the Confidentiality field of the load file. A producer may make documents or things containing Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be affixed with an appropriate legend before providing them to the recipient.

  c. Any document produced in this litigation before issuance of this Order with the designation "Highly Confidential Attorneys Eyes Only," "Confidential Attorneys Eyes Only Information," "AEO," or similar designation shall receive the same treatment as if designated Highly Confidential under this Order, unless and until such document is re-designated by the producing Party to have a different classification under this Order.

  d. A person designates information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential, Highly Confidential, or Highly Confidential Prosecution Bar. Pending the expiration of the fourteen days, all parties and persons shall presumptively treat the deposition transcript as Highly Confidential.

If no portions of the transcript are designated as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar by any party to this action or by the deponent during the deposition or within the fourteen days, the transcript shall be considered not to contain any Confidential, Highly Confidential, or Highly Confidential – Prosecution bar information. Counsel for each party to this action shall be responsible for marking any designated portions of copies of the transcript in their possession with a confidentiality legend if written notice is provided within the fourteen days. For testimony designated during a deposition as Confidential, Highly Confidential, or Highly Confidential Prosecution Bar under this Protective Order, the designating party shall have the right to exclude from the deposition, or any portion thereof, all persons except: the deponent and its outside counsel, outside counsel of record for named parties, the court reporter, and such other persons who are bound by this Protective Order and are authorized to have access to such information.

    e.  A person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. The disclosure by a party or non-party of information, documents, or things which it believes should have been designated as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar, regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party or non-party produces or provides discovery of any Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information, documents, or things without designating it as such, the party or non-party may give written notice

4

to the receiving party(ies) that the information or material is Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar and should be treated in accordance with the provisions of this Protective Order. The receiving party(ies) must treat such information or material as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar as notified from the date such notice is received. Disclosure of such information or material, prior to receipt of such notice, to persons not authorized to receive Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information, documents, or things shall not be deemed a violation of this Protective Order; but those persons to whom disclosure was made are to be advised that the material disclosed is Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar and must be treated in accordance with this Protective Order.

  f. A person who has designated information as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar may withdraw or lessen the designation by written notification to all parties in the case.

  g. If a party disputes a producer's designation of information as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar. The information shall remain subject to the producer's

5

Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar is not an admission that the information was properly designated as such.

    4.    <u>Use and disclosure of Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information</u>:

    a.    Confidential, Highly Confidential, and Highly Confidential – Prosecution Bar information may be used exclusively for purposes of this litigation, subject to the restrictions of this order, except that the parties in the above-captioned matter may use any "Confidential" or "Highly Confidential" or "Highly Confidential – Prosecution Bar" information produced or provided in this action for purposes of the following pending litigations: *RTC Industries, Inc. v. Fasteners For Retail, Inc.*, Case No. 1:17-cv-03595 (N.D. IL) and *RTC Industries, Inc. v. Fasteners For Retail, Inc.*, Case No. 1:18-cv-02782 (N.D. IL).

    b.    Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including electronic discovery vendors and necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) up to four of a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(e) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court. For any disclosure of Confidential information to an officer or employee after the date of this

Order, a party may not disclose Confidential information to a party's officers or employees pursuant to this paragraph until the officer or employee has signed an undertaking in the form of Appendix 1 to the this Protective Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential information to an officer or employee, the party proposing to make the disclosure must serve the producer with a written identification of the officer or employee and their job title and role. If the producer has good cause to object to the disclosure, it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential information may not be disclosed to the officer or employee without the Court's approval.

  c. Absent written consent of the Producing Party, persons identified in paragraphs 4(b)(i)-(iii), and (v) who access one or more items designated "HIGHLY CONFIDENTIAL – PROSECUTION BAR" shall not be involved in prosecuting patents or patent applications relating to merchandising systems for retail displays and retail loss prevention, before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions shall begin when "HIGHLY CONFIDENTIAL – PROSECUTION BAR" materials are first accessed by the affected individual, and shall end at the final resolution of this action, including all appeals. Nothing in this paragraph shall preclude any affected individual from advising on, consulting on, preparing, prosecuting, drafting, editing, arguing in, proposing or submitting claim amendments in, or otherwise participating in any post-grant review proceeding, including, for example, *ex parte* reexamination proceedings or *inter partes* review proceedings.

  d. Absent written permission from the producer or further order by the Court, the

recipient may not disclose Highly Confidential or Highly Confidential – Prosecution Bar information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

e. A party may not disclose Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information to an expert or consultant pursuant to paragraph 4(b) or 4(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information may not be disclosed to the expert or consultant without the Court's approval.

f. Notwithstanding paragraph 4(b) and (d), a party may disclose Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

g. A party who wishes to disclose Confidential, Highly Confidential, or Highly

8

Confidential – Prosecution Bar information to a person not authorized under paragraph 4(b) or 4(d) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

  h.  If a recipient of Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information receives compulsory process (*e.g.*, subpoena) commanding production of documents, ESI, or things containing a producer's Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information, the recipient must promptly notify the producer, in addition to following the other provisions of this section.

  5.  <u>Inadvertent Disclosure</u>:

  a.  The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

  b.  If a receiving party discovers that discovery may have been inadvertently or otherwise unintentionally produced, it shall notify the producing party in writing as soon as reasonably practicable after learning of the disclosure. If a party inadvertently or otherwise produces or provides discovery which it believes is subject to a claim of an applicable privilege, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of privilege, and request that the information or material be returned to the producing party or destroyed. If a party or non-party requests the return or destruction, pursuant to this paragraph, of any discovery, the receiving party(ies) shall not use or disclose, and shall within five (5) business days return to the producing party all copies of such information or material or confirm that all copies of such information or material have been destroyed. Within five (5) business

9

days of return or written confirmation of destruction of the material subject to a claim of privilege, the producing party must provide a supplemental privilege log describing the basis, correlated to each document (including identifying the production number), for withholding each document as set forth in Rule 26(b)(5)(A)(ii)). Return or destruction of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is properly subject to a claim of privilege, nor shall it foreclose any party from moving the Court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

      6.      <u>Filing with the Court</u>:

      a.      This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information.

      b.      If a party wishes to file in the public record a document that another producer has designated as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

      c.      Pursuant to Local Rule 5.8, any document filed under seal must be accompanied

by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

7.  Document Disposal: Within 60 days after the conclusion of this case, including all pending appeals, each party must either return to the producer or destroy all documents and copies of documents containing the producer's Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information. The party returning and/or destroying the producer's Confidential, Highly Confidential, and Highly Confidential – Prosecution Bar information must certify in writing its compliance with the requirements of this paragraph within 60 days after the conclusion of this case, including all pending appeals. Notwithstanding the requirements of this paragraph, outside counsel for the parties to this action may retain one complete set of all documents filed with the Court, written discovery responses such as Objections and Responses to Interrogatories and Objections and Responses to Requests for Production, deposition and hearing transcripts, and documents provided by the parties pursuant to the Court's Local Patent Rules containing Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information, provided that all such documents will be held for their internal use only, remaining subject to all requirements of this order. These exceptions are not designed to capture a party's document production. A party to this action which has disclosed Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar information to those persons or entities identified in paragraphs 4(b)(ii), (iii), and (v) is responsible for either (a) obtaining all documents or things

11

containing "Confidential," "Highly Confidential," or "Highly Confidential – Prosecution Bar" information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph; or (b) obtaining written certification from those persons or entities that all such information and material has been destroyed. The parties' written certification of compliance with this provision shall include a certification that all persons or entities identified in paragraphs 4(b)(ii), (iii), and (v) have represented their compliance with this provision.

8. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

9. <u>Survival of obligations</u>: This order's obligations regarding Confidential, Highly Confident, and Highly Confidential – Prosecution Bar information survive the conclusion of this case.

Robert M. Dow, Jr.
United States District Judge

DATED: July 23, 2019

12

SO STIPULATED on July 17, 2019:

By: */s/ Janice V. Mitrius*
Joseph J. Berghammer
*jberghammer@bannerwitcoff.com*
Scott A. Burow
*sburow@bannerwitcoff.com*
Victoria R. M. Webb
*vwebb@bannerwitcoff.com*
Eric A. Zelepugas
*ezelepugas@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, Illinois 60606
Tel.: (312) 463-5000

**ATTORNEYS FOR
RTC INDUSTRIES, INC.**

By: */s/ Gianni L. Cutri*
Gianni L. Cutri
*gianni.cutri@kirkland.com*
Brian A. Verbus
*brian.verbus@kirkland.com*
Joel Merkin
*joel.merkin@kirkland.com*
KIRKLAND & ELLIS LLP
300 N. LaSalle, 24th Floor
Chicago, Illinois 60654

William B. Berndt
*wberndt@honigan.com*
Ron N. Sklar
*rsklar@honigan.com*
Cristina Q. Almendarez
*calmendarez@honigman.com*
Dennis Abdelnour
*dabdelnour@honigman.com*
HONIGAN MILLER SCHWARTZ & COHN LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
Tel: (312) 701-9300

**ATTORNEYS FOR FASTENERS FOR
RETAIL, INC.**

13

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RTC INDUSTRIES, INC., <br><br> Plaintiff / Counterclaim-Defendant, <br><br> v. <br><br> FASTENERS FOR RETAIL, INC., <br><br> Defendant / Counterclaim-Plaintiff. | Civil Action No. 1:18-cv-861 <br><br> Judge Robert M. Dow Jr. <br><br> Magistrate Judge Maria Valdez |

**UNDERTAKING OF** _____

I, _____, state the following under penalties of perjury as provided by law:

1. My present employer is _____.

2. My present occupation or job description is _____. My job title is _____.

3. My business address is _____.

4. *[FOR EXPERTS ONLY]* I have been retained by _____ *[party]* as an expert or consultant in connection with this case.

5. *[FOR PARTY EMPLOYEES ONLY]* I am currently employed by _____ and have been an employee of _____ since _____.

6. I will be receiving Confidential [and/or Highly Confidential] [and/or Highly Confidential – Prosecution Bar] information that is covered by the Court's Protective Order dated _____. I have read the Court's Protective Order and understand that the Confidential [and/or

1

Highly Confidential] [and/or Highly Confidential – Prosecution Bar] information is provided pursuant to the terms and conditions in that Protective Order.

7. I agree to be bound by the Court's Protective Order. I agree to use the Confidential [and/or Highly Confidential] [and/or Highly Confidential – Prosecution Bar] information solely for purposes of this case. I understand that neither the Confidential [and/or Highly Confidential] [and/or Highly Confidential – Prosecution Bar] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the Confidential [and/or Highly Confidential] [and/or Highly Confidential – Prosecution Bar] information that comes into my possession, and any notes concerning that information, to the attorney for _____ [*retaining party*] or to destroy the information and any notes at that attorney's request.

8. I submit to the jurisdiction of the Court that issued the Protective Order for the purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
[Signature]

Subscribed and sworn to
before me this _____ day
of _____, 20__.

_____
Notary Public